Jordan B. Arakawa (State Bar No. 294207)
jarakawa@jonesday.com
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130.4096
Telephone: +1.858.314.1200
Facsimile: +1.858.314.1150

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TRISTAN PARKER, an individual

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; AMERICAN EXPRESS BANK, FSB; and DOES 1 through 10, inclusive,

Defendants.

Case No. '17CV0329 BTM JLB

(In the Superior Court of California, County of San Diego, Court Case No. 37-2017-00000680-CU-NP-CTL)

**NOTICE OF REMOVAL OF ACTION: UNDER 28 U.S.C. § 1441**

**[FEDERAL QUESTION]**

Pursuant to 28 U.S.C. § 1441 *et seq*., Defendant Experian Information Solutions, Inc. (“Experian”) hereby files this Notice of Removal for the above-captioned action to this Court and states as follows:

1. Experian is named as a Defendant in Civil Action No. 37-2016-00000680-CU-NP-CTL, filed in the Superior Court of the State of California, County of San Diego (the “State Court Action”).

2. The Complaint in the State Court Action was filed with the Clerk of the Superior Court of the State of California, County of San Diego on January 6, 2017. Defendant Experian was served with the Complaint on January 19, 2017.

3. This Notice of Removal is being filed with this Court within thirty (30) days after Experian received a copy of Plaintiff's initial pleadings setting forth the claims for relief upon which Plaintiff's action is based.

4. This Court is the proper district court for removal because the State Court Action is pending within this district.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings received by Experian in the State Court Action are attached hereto as **Exhibit A**.

6. Experian is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

7. The claims of relief against Experian alleged in the State Court Action arise under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u. Thus, this court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a) and (b).

8. Equifax Information Services, LLC ("Equifax") and Trans Union LLC ("Trans Union") have been served with the Complaint in the State Court Action, and these defendants consent to this Notice of Removal. *See* **Exhibit B**.

9. As of the date of this Notice, Experian has no information regarding the status of service of process on any other named defendant in the State Court Action.

10. Promptly after the filing of this Notice of Removal, Experian shall provide notice of the removal to Plaintiff and file a copy of this Notice with the clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Experian notices the removal of this case to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441 *et seq*.

Dated: February 17, 2017

JONES DAY

By: *s/ Jordan B. Arakawa*
JORDAN B. ARAKAWA

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
CIVIL BUSINESS OFFICE 18
CENTRAL DIVISION

2017 JAN -6 A 9:12

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; AMERICAN EXPRESS BANK, FSB; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

TRISTAN PARKER, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
San Diego County- Central Division
330 West Broadway, San Diego, CA 92101

CASE NUMBER: *(Número del Caso):* **37-2017-00000680-CU-NP-CTL**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Octavio Cardona-Loya II, 3130 Bonita Road, Suite 200B, Chula Vista, CA 91910. Phone: 619-476-0030

DATE: *(Fecha)* JAN 09 2017 Clerk, by *(Secretario)* P. Gonzaga, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: EXPERIAN INFORMATION SOLUTIONS, INC.

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Octavio Cardona-Loya II (SBN 255309)
Cory M. Teed (SBN 299780)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
vito@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

FILED
CIVIL BUSINESS OFFICE 18
CENTRAL DIVISION
2017 JAN -6 A 9:12
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
**COUNTY OF SAN DIEGO, CENTRAL DIVISION**

TRISTAN PARKER, an individual,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; AMERICAN EXPRESS BANK, FSB; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 37-2017-00000680-CU-NP-CTL

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1) This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorneys' fees brought pursuant to 15 U.S.C. §1681 *et seq.* (Fair Credit Reporting Act "FCRA")and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting.

////

## II. PARTIES

2) Plaintiff TRISTAN PARKER is a natural person residing in the State of California, County of San Diego.

3) Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") at all times relevant was a corporation doing business in San Diego County, California operating from an address at 475 ANTON BLVD., COSTA MESA, CA 92626. EXPERIAN is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

4) Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") at all times relevant was a limited liability company doing business in San Diego County, California operating from an address at 1550 PEACHTREE STREET NW, H46, ATLANTA, GA 30309. EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

5) Defendant TRANS UNION LLC ("TRANS UNION") at all times relevant was a limited liability company doing business in San Diego County, California operating from an address at 555 W ADAMS ST., CHICAGO, IL 60661. TRANS UNION is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. TRANS UNION disburses such consumer reports to third parties under contract for monetary compensation.

6) Defendant AMERICAN EXPRESS BANK, FSB ("AMERICAN EXPRESS")

at all times relevant was a company doing business in San Diego County, California operating from an address at PO Box 981537, El Paso, TX 79998.

7) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

8) Venue in this District is proper in that the Defendants transact business here and the Plaintiff resides here.

## III. FACTUAL ALLEGATIONS

9) In July 2013, AMERICAN EXPRESS sued Plaintiff in regards to an alleged debt of $5,643 (the "Account").

10) In July 2014, Plaintiff entered into a mutual release with AMERICAN EXPRESS in regards to the Account and the case was dismissed.

11) Despite the mutual release, AMERICAN EXPRESS continues to report the Account regarding Plaintiff to each EXPERIAN, EQUIFAX, and TRANS UNION ("the CRAs").

12) Each CRA displayed the Account in a manner that made it appear to have a balance of $5,643 and amount past due. EXPERIAN further re-aged the Account by making it appear to be a more recently-incurred debt.

13) The information AMERICAN EXPRESS reported to the CRAs was false as Plaintiff entered into a mutual release in regards to the alleged account and there was no

longer any money owed on the Account.

14) Plaintiff disputed the false information with AMERICAN EXPRESS and the CRAs in writing.

15) AMERICAN EXPRESS and the CRAs failed to conduct reasonable investigations into the disputes alleged by Plaintiff.

16) The CRAs negligently produced consumer reports with respect to Plaintiff's credit that contain the false information.

17) The CRAs further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

18) As a result of Defendants' conduct, Plaintiff's credit worthiness has been damaged.

19) Plaintiff further suffered emotional distress.

## IV. FIRST CAUSE OF ACTION

### (Against All Defendants for Violations of the FCRA)

20) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

21) The CRAs violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

22) The CRAs violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to AMERICAN EXPRESS; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

23) AMERICAN EXPRESS violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding same; by failing to accurately

respond to the CRAs; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false information to the CRAs.

24) The Defendants' unlawful conduct damaged Plaintiff as referenced above.

25) The Defendants' unlawful conduct was willful.

26) Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

27) Plaintiff is further entitled to recover costs and attorneys' fees from the CRAs pursuant to 15 U.S.C. §§1681n and/or 1681o.

## V. SECOND CAUSE OF ACTION

### (Against All Defendants for Violation of the CCRAA)

28) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

29) Defendants violated the CCRAA, by including but not limited to, the following:

(a) The CRAs violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff;

(b) The CRAs violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the dispute information is inaccurate and record the current status of the disputed information, or delete the item from the file;

(c) AMERICAN EXPRESS violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that the Defendants knew or should have known was incomplete or inaccurate; and

(d) AMERICAN EXPRESS violated California Civil Code §1785.25(g) by failing to maintain reasonable procedures to comply with the CCRAA.

30) Defendants' acts as described above were done negligently and/or intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31) As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

32) Defendants' violations were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a) Actual damages;

(b) Punitive damages;

(c) Statutory damages;

(d) Costs and reasonable attorney's fees; and

(e) For such other and further relief as the Court may deem just and proper including but not limited to an order to correct the inaccurate credit information.

Date: Jan 3, 2017

Octavio Cardona-Loya II
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: Jan. 3, 2017

Octavio Cardona-Loya II
Attorney for Plaintiff

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Octavio Cardona-Loya II (SBN 255309); Cory M. Teed (SBN 299780)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
TELEPHONE NO.: 619-476-0030 FAX NO.: 775-898-5471
ATTORNEY FOR (Name): Plaintiff Tristan Parker

FOR COURT USE ONLY

FILED [illegible] OFFICE [illegible]
2017 JAN -6 A 9:12
CLERK-SUPERIOR COURT SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division- Hall of Justice

CASE NAME:
Parker v. Experian Information Solutions, Inc., et al.

## CIVIL CASE COVER SHEET

☑ **Unlimited** (Amount demanded exceeds $25,000)
☐ **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ **Counter** ☐ **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: **37-2017-00000680-CU-NP-CTL**
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: Violations of the 1) the FCRA and 2) of the CCRAA
5. This case ☐ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 3, 2017
Octavio Cardona-Loya II
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego, CA 92101-3827
BRANCH NAME: Central
TELEPHONE NUMBER: (619) 450-7072

PLAINTIFF(S) / PETITIONER(S): Tristan Parker

DEFENDANT(S) / RESPONDENT(S): Experian Information Solutions Inc et.al.

PARKER VS EXPERIAN INFORMATION SOLUTIONS INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2017-00000680-CU-NP-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge: Timothy Taylor

Department: C-72

**COMPLAINT/PETITION FILED:** 01/06/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 06/09/2017 | 09:30 am | C-72 | Timothy Taylor |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).




# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.




# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2017-00000680-CU-NP-CTL CASE TITLE: Parker vs Experian Information Solutions Inc [IMAGED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| PLAINTIFF(S): Tristan Parker | |
| DEFENDANT(S): Experian Information Solutions Inc et.al. | |
| SHORT TITLE: PARKER VS EXPERIAN INFORMATION SOLUTIONS INC [IMAGED] | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2017-00000680-CU-NP-CTL |

Judge: Timothy Taylor

Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Non-binding private arbitration
- ☐ Mediation (private)
- ☐ Binding private arbitration
- ☐ Voluntary settlement conference (private)
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Neutral evaluation (private)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)
- ☐ Other (*specify e.g., private mini-trial, private judge, etc.*): ____________________

____________________________________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* ____________________

____________________________________________

____________________________________________

Alternate neutral (for court Civil Mediation Program and arbitration only): ____________________

Date: ____________________

Date: ____________________

____________________
Name of Plaintiff

____________________
Name of Defendant

____________________
Signature

____________________
Signature

____________________
Name of Plaintiff's Attorney

____________________
Name of Defendant's Attorney

____________________
Signature

____________________
Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 01/09/2017

____________________
JUDGE OF THE SUPERIOR COURT

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

Jordan B. Arakawa (State Bar No. 294207)
jarakawa@jonesday.com
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130.4096
Telephone: +1.858.314.1200
Facsimile: +1.858.314.1150

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISTAN PARKER, an individual<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; AMERICAN EXPRESS BANK, FSB; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. '17CV0329 BTM JLB<br><br>(In the Superior Court of California, County of San Diego, Court Case No. 37-2017-00000680-CU-NP-CTL)<br><br>**TRANS UNION LLC'S CONSENT TO REMOVAL** |

Defendant Trans Union LLC acknowledges its consent to removal of this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

Dated: February 14, 2017

*Authorized Representative for Trans Union LLC*

Donald Bradley
Musick, Peeler & Garrett LLP
650 Town Center Drive Suite 1200
Costa Mesa, CA 92626
714-668-2447
D.Bradley@MPGLAW.com

Jordan B. Arakawa (State Bar No. 294207)
jarakawa@jonesday.com
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130.4096
Telephone: +1.858.314.1200
Facsimile: +1.858.314.1150

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TRISTAN PARKER, an individual

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; AMERICAN EXPRESS BANK, FSB; and DOES 1 through 10, inclusive,

Defendants.

Case No. '17CV0329 BTM JLB

(In the Superior Court of California, County of San Diego, Court Case No. 37-2017-00000680-CU-NP-CTL)

**EQUIFAX INFORMATION SERVICES, LLC'S CONSENT TO REMOVAL**

Defendant Equifax Information Services, LLC acknowledges its consent to removal of this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

Dated: February 17, 2017

*Authorized Representative for Equifax Information Services, LLC*

s/ *Thomas P. Quinn, Jr.*

Thomas P. Quinn, Jr.
Nokes & Quinn, APC
410 Broadway
Laguna Beach, CA 92651
949-376-3500
tquinn@nokesquinn.com

**Signature Certification**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Thomas P. Quinn, Jr., counsel for Equifax Information Services, LLC, and that I have obtained Thomas P. Quinn, Jr.'s authorization to affix his electronic signature to this document.

Dated: February 17, 2017

By: s/ *Jordan B. Arakawa*

Jordan B. Arakawa
jarakawa@jonesday.com

Counsel for Defendant
Experian Information Solutions, Inc.

Jordan B. Arakawa (State Bar No. 294207)
jarakawa@jonesday.com
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130.4096
Telephone: +1.858.314.1200
Facsimile: +1.858.314.1150

Attorneys for Defendant
Experian Information Solutions, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISTIN PARKER, an individual,<br>Plaintiff,<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; AMERICAN EXPRESS BANK, FSB; and DOES 1 through 10, inclusive,<br>Defendants. | Case No. '17CV0329 BTM JLB<br><br>**PROOF OF SERVICE** |

I, Jordan B. Arakawa, declare:

I am a citizen of the United States and employed in San Diego, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12265 El Camino Real, Suite 200, San Diego, California 92130. On February 17, 2017 I served a copy of the:

**1. NOTICE OF REMOVAL OF ACTION: UNDER 28 U.S.C. § 1441 [FEDERAL QUESTION]**

by email and United States Mail.

I am familiar with the Southern District's practice for collecting and

processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. I certify that currently there are no registered CM/ECF users in this matter.

I further certify that I served the following parties via Email and U.S. Mail:

Octavio Cardona-Loya II, Esq.
Cory M. Teed, Esq.
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
Telephone: 619.476.0030
Facsimile: 775.898.5471
Email: vito@goldencardona.com
coryteed@gmail.com

Attorneys for Plaintiff Tristin Parker

Donald Bradley
Musick, Peeler & Garrett LLP
650 Town Center Drive Suite 1200
Costa Mesa, CA 92626
Telephone: 714.668.2447
Facsimile: 714.668.2490
Email: D.Bradley@mpglaw.com

Attorneys for TransUnion

Thomas P. Quinn, Jr.
Nokes & Quinn, APC
410 Broadway
Laguna Beach, CA 92651
Telephone: 949.376.3500
Facsimile: 949.376.3070
Email: tquinn@nokesquinn.com

Attorneys for Equifax Information Services, LLC

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 17, 2017, at San Diego, California.

*s/ Jordan B. Arakawa*
Jordan B. Arakawa
jarakawa@jonesday.com